[Civil No. 612. Filed February 23, 1898.]

[52 Pac. 356.]

COCHISE COUNTY, Defendant and Appellant, v. CHARLES G. JOHNSTON, Plaintiff and Appellee.

1. OFFICE AND OFFICERS—COURT COMMISSIONERS NOT COUNTY OFFICERS —FEES AND SALARY—HABEAS CORPUS—REV. STATS. ARIZ. 1887, PARS. 647, 1967, 577, CONSTRUED.—A court commissioner, appointed pursuant to paragraph 647, *supra,* whose compensation is fixed by paragraph 1967, *supra,* at four dollars for each day employed, and fifty cents for each order, is not a county officer, and therefore is not within the provisions of paragraph 577, *supra,* relating to salaries and fees of county officers, providing "no fee or compensation . . . must be charged . . . by any officer . . . for services rendered upon *habeas corpus.*"

2. SAME—COUNTY OFFICERS — FEES — SALARY — HABEAS CORPUS—REV. STATS. ARIZ. 1887, PAR. 577, CONSTRUED—BENEFIT OF PETITIONER.— Paragraph 577, *supra,* is a provision for the benefit of those who may apply for the writ of *habeas corpus,* and is not intended to be an immunity of the county from paying county officers for such services.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Allen R. English, District Attorney, for Appellant.

Barnes & Martin, for Appellee.

PER CURIAM.—The appellee, Charles G. Johnston, sued the county of Cochise to recover the amount of an account

which he had presented to the board of supervisors, and by them disallowed, in the sum of $128.50, for services rendered as court commissioner. The district court gave judgment in favor of plaintiff upon the said claim for $112. The appellee was district court commissioner for Cochise County, and the question raised by this appeal is whether a court commissioner is entitled to *per diem* or compensation in matters of issuing writs and hearing cases in *habeas corpus.*

Paragraph 1967 of the Revised Statutes of Arizona provides: "The fees of the court commissioner are as follows: For each day employed, $4.00; for each order, $.50." Paragraph 577 of chapter 13 of title XIII, relating to counties and the salaries and fees of county officers, says: "No fee or compensation of any kind must be charged or received by any officer for duties performed or services rendered in proceedings upon *habeas corpus.*" Appellant contends that, under that provision, the court commissioner of the district court is not entitled to any fee or compensation of any kind in proceedings upon *habeas corpus.* It is the opinion of this court that such provision relates to county officers alone. The court commissioner is not such a county officer as to come within the provisions of that statute. He is appointed under the provisions of paragraph 647 of the Revised Statutes of Arizona, which is as follows: "The judges of the several judicial district courts of this territory may appoint one commissioner in each county where such judge is authorized to hold a session of the district court, which commissioner shall reside at the county-seat of the county for which they are appointed. Such commissioners shall have the power of the district judge at chambers, as to all business cognizable in their county, arising on a question of *habeas corpus,* and all orders, writs, and injunctions, except that he shall not make any final determination except on writs of *habeas corpus;* they may also on request of the district attorney of their county, issue a venire for grand and trial jurors, and may also in the absence of the judge, and under his direction, communicated by telegraph or otherwise, open and adjourn any term of court the same as the judge might do if personally present." He stands in the place of the judge, to act in his absence. He is a district court officer, and the fees prescribed by paragraph 1967 provide for his compensation in cases of *habeas corpus,* the same as in

any other work, civil or criminal, which he may be called upon to perform by virtue of his commission from the district judge. Furthermore, we are of opinion that paragraph 577 is a provision for the benefit of those who may apply for a writ of *habeas corpus,* and a safeguard against their being denied a writ, when they are unable or unwilling to pay the county officers for the process relating to the same, and is not intended to be an immunity of the county from paying county officers for such services. The judgment of the district court is affirmed.

Street, C. J., Doan, J., and Sloan, J., concur.

Davis, J., not sitting in the case, having been trial judge in the court from which the appeal was taken.